IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CONDADO 3 CFL, LLC,**
Plaintiff,

v.

**ACEVEDO-KUINLAM et al.,**
Defendants.

CIVIL NO. 18-1359 (MDM)

**OPINION AND ORDER**

On June 12, 2018, Plaintiff, Condado 3 CFL LLC, (hereinafter referred to as the "Plaintiff") filed a Complaint against José Luis Acevedo Kuinlam (hereinafter referred to as the "Defendant"), for collection of monies and the foreclosure of mortgage. Docket No. 1.[1] Under the loan repayment agreement, Plaintiff requested the payment of the principal amount owed, plus interests, for the mortgage fully described below, which was constituted by the defendants and Doral Bank. The Plaintiff, however, is now the current holder and owner of the mortgage note and deed.

Presently before the Court is Plaintiff's motion for summary judgment (Docket No. 21) and Memorandum of Law in support thereof (Docket No. 21-1). Plaintiff argues that summary judgment is warranted in its favor because the statement of uncontested facts, in addition to the supporting documentation and the statements under penalty of perjury submitted by said party, demonstrate that there is no genuine dispute as to any material fact and thus Plaintiff is entitled to judgment as a matter of law. In response to Plaintiff's motion for summary judgment, Defendant recognized that summary judgment is appropriate in this case because he admitted

---

[1] In addition to Defendant, Plaintiff also filed this action against José Luis Guillermo Acevedo Torres, Yvonne Roxana Acevedo Torres and the "Centro de Recaudaciones de Impuestos Municipales" but then voluntarily withdrew its claims against such parties. Accordingly, separate partial judgments were entered **DISMISSING with prejudice** Plaintiff's claims against those co-defendants. *See* Docket Nos. 18 and 23, respectively.

that he is liable for any outstanding amounts due on the mortgage loan referenced in the complaint. Docket No. 25.

Plaintiff has met and complied with all its obligations in enforcing its contractual remedies and is entitled to collect on the amounts owed by Defendant on the loan agreement at issue, as of right. Defendant does not oppose the entry of summary judgment against him. Accordingly, and for the reasons discussed below, the Court **GRANTS** the Plaintiff's motion for summary judgment at Docket No. 21.

## I.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that: "[a] party seeking to recover upon a claim . . . may, at any time, after the expiration of 20 days from the commencement of the action . . . move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." The role of summary judgment in civil litigation is commonplace, "to pierce the boilerplate of the pleadings and assay the parties' proof to determine whether trial is actually required." *McCarthy v. Northwest Airlines*, 56 F.3d 313, 314 (1st Cir.1985) (citing *Wynne v. Tufts Univ. School of Med.*, 976 F.2d 791, 794 (1st Cir.1992)). Thus, this "device allows courts and litigants to avoid full blown trials in unwinnable cases, thus conserving parties' time and money, and permitting the court to husband scarce judicial resources." *Id.* at 315.

Summary judgment is appropriate when, like here, "the pleadings, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *NASCO, Inc. v. Pub. Storage, Inc.*, 29 F.3d 28 (1st Cir.1994). To grant summary judgment, the trial court must determine if there are any "material" factual issues which are identified depending on the substantive law that should be resolved and, whether such issues are also "genuine." *Anderson*, 477 U.S. at 247-248. *See Bautista Cayman Asset Co. v. Oros Verdes, Inc.,* No. CV 16-2836CCC, 2018 WL 987248, at \*4 (D.P.R. Feb. 16, 2018).

A fact is material only if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248. In determining if a material fact is "genuine," the court does not weigh the facts but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.; Leary v. Dalton,* 58 F.3d 748, 751 (1st Cir.1995).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Crawford–El v. Britton,* 523 U.S. 574, 600 n.22, (1998) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, (1986)); Fed. R. Civ. P. 56(c)(1)(A). Once this threshold is met, the burden shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The "party opposing summary judgment must present definite, competent evidence to rebut the motion." *Méndez-Laboy v. Abbott Lab.*, 424 F.3d 35, 37 (1st Cir. 2005) (quoting, *Maldonado-Denis v. Castillo-Rodríguez*, 23 F.3d 576, 581 (1st Cir. 1994)). "The nonmovant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-worthy issue. . . . Failure to do so allows the summary judgment engine to operate at full throttle." *Id.*; *see also Kelly v. United States,* 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence).

If the only issues to be decided by such a motion are issues of law, judgment may be entered upon a finding that these issues, once resolved, favor claimant's position. *Méndez v. Banco Popular*, 900 F. 2d 4, 7-8 (1st Cir.1990). Indeed, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party." *Leary,* 58 F.3d at 751.

## II. UNCONTESTED MATERIAL FACTS

The following material facts are uncontested.

On June 23, 1999, for value received, José Luis Acevedo Kuinlam and Ivonne Torres Medina subscribed, signed, and delivered a Mortgage Note payable to Doral Bank, or to its order, for the principal amount of ***Two Hundred and Fifty Eight Thousand Seven Hundred Fifty Dollars ($258,750.00)*** with interest at the rate of 8.5% per annum, secured by a first mortgage constituted by deed number 360, executed in San Juan, Puerto Rico on the same date, before Notary Public Reinaldo Segurola Pérez.

The mortgage described above encumbers the following property:

> **URBAN**: Lot number 14, situated at Dos Hermanos Street of the North Section of the Santurce ward in this City, in which lot there is a house built out of reinforced concrete and is composed of two levels. The measurements of such lot are the following: 11.10 meters by the EAST, to the Dos Hermanos Street, previously named Cuatro Hermanos; 11.40 meters by the WEST, continuous to Benjamín Rodríguez, previously named Coll Cuchi; 17.00 meters by the SOUTH, continuous to Doña Josefa Santibáñez, widow of Ramírez, previously named Elena Carazo and in 16.00 meters, by the NORTH, with José Menéndez, previously Sucesión Adrián Duffaut, with a surface of 180.00 square meters.
>
> A three-level concrete house is situated therein, the third level has a zinc roof, and all three levels are used to reside therein. This house has been subject to improvements.
>
> Duly registered at the Registry of Property, First Section of San Juan, at page 175 of volume 81 of Santurce Norte, property number 4161.

The property is described in the Spanish language as follows:

> **URBANA**: Solar número 14, situado en la Calle Dos Hermanos de la Sección Norte del Barrio de Santurce de esta Ciudad, en cuyo solar hay una casa de hormigón de dos plantas, siendo las medidas de dicho solar las siguientes: 11.10

> metros por su frente ESTE, a la Calle Dos Hermanos, antes Cuatro Hermanos; 11.40 metros, por su fondo OESTE, colindando con Benjamín Rodríguez, antes señor Coll Cuchi; 17.00 metros, por el SUR, colindando con Doña Josefa Santibáñez, viuda de Ramírez, antes Elena Carazo y en 16.00 metros, por el NORTE, con José Menéndez, antes Sucesión Adrián Duffaut, con una superficie de 180.00 metros cuadrados.
>
> Enclava una casa de tres plantas de concreto, la tercera planta techada en zinc, dedicadas las tres plantas a vivienda. A esta casa se le hicieron mejoras.
>
> Consta inscrita al folio 175 del tomo 81 de Santurce Norte, Finca número 4161. Registro de la Propiedad, Sección Primera de San Juan.

Condado 3 CFL, LLC is at present the owner and holder of the note and mortgage deed, which is duly recorded in the Registry of Property of Puerto Rico at Karibe System of San Juan, First Section, 32nd inscription.

José Luis Acevedo Kuinlam is the owner of the mortgaged property described above. This fact is confirmed by the Registry of Property and was admitted by the Defendant in the answer to the complaint.

According to a petition filed under case number KJV10-1606 (901) in the Court of First Instance, San Juan Part, Ivonne Torres Medina a/k/a Flora Yvonne Torres Medina passed away on September 9, 2009, and the heirs to the estate are not liable for the debt subject to these proceedings, as admitted by Defendant in the answer to the complaint.

José Luis Acevedo Kuinlam has breached the loan repayment obligations towards Plaintiff by failing to make the agreed upon payments. Therefore, as of February 7, 2019, the defendant owed to Plaintiff the sum certain of $182,009.84 in principal, $72,972.01 in accrued interest, which continues to accrue until full payment of the debt at the rate of 8.5% per annum, accrued late charges, forced placed insurance in the amount of $60.00, and any other advance or disbursements made by Plaintiff, on behalf of Defendant, pursuant to the mortgage deed, plus

costs, and ten (10) percent of the original principal balance in attorney's fees.

Plaintiff's efforts to try to collect all outstanding amounts have been unsuccessful.

### III. <u>**DISCUSSION**</u>

Plaintiff moves for summary judgment against the appearing defendant because in this case there is no genuine dispute as to any material fact and, under the applicable case law, Plaintiff is entitled to judgment as a matter of law.

      a.    <u>General Contract Law</u>

Under Puerto Rico law, according to the Puerto Rico Civil Code, there is a "contract from the time one or more persons agree to bind themselves with respect to other or others, to give something or render a service." Laws of P.R. Ann., Tit. 31 § 3371 (translation ours). Article 1207 of the Puerto Rico Civil Code prescribes the principle of freedom to contract, which permits persons to establish the contractual covenants, clauses, and conditions which they so desire, as long as they do not contravene the laws, morality or the public order. *Id.*; *De Jesús González v. A.C.*, 148 D.P.R. 255, 263-64 (1999). As a result, within the context of the aforementioned limitations, "the type of agreement that can be reached by contracting parties is only limited by the parties' imagination and their will to contract is the supreme law between them." *Arthur Young & Co. v. Vega*, 136 D.P.R. 157, 169-70 (1997) (translation ours).

In general terms, a contract designates every covenant or voluntary agreement between two or more parties by which proprietary legal relationships are created, modified or extinguished. *See* José Puig Brutau, *Compendio de Derecho Civil*, Vol II, at 171 (2nd ed. 1994). Thus, when the will of every one of the parties acts in consideration of an interest opposite or different from the one that drives the other party, it may be stated that the contract properly exists. José Puig Brutau, *Fundamentos de Derecho Civil*, Tome II, Vol. I, at 10 (3rd ed. 1984). Therefore, the concept of what constitutes a contract incorporates two important elements: (1) an agreement of wills, which generates an obligation; and, (2) the legal condition

produced as a consequence of said agreement. *Id*. at page 13. *See also Bautista Cayman Asset Co. v. Oros Verdes, Inc.*, No. CV 16-2836CCC, 2018 WL 987248, at *5–6 (D.P.R. Feb. 16, 2018).

Article 1213 of the Puerto Rico Civil Code establishes that "[t]here is no contract unless the following requirements are met: (1) consent of the contracting parties; (2) object of the contract; (3) cause of the obligation that is established." Laws of P.R. Ann., Tit. 31 § 3391 (translation ours). *See also Danosa Caribbean v. Santiago Metal*, 179 D.P.R. 40, 45 (2010). In order to ascertain what constitutes the object of a contract, we must respond the question "what is it that is owed?" *San Juan Credit Inc. v. Ramirez Carrasquillo*, 113 D.P.R. 181, 185 (1982). Anything can be the object of a contract, including future things within the commerce between persons, provided however, that they are not impossible and are determinable. Laws of P.R. Ann., Tit. 31 §§ 3421, 3422 and 3423; *San Juan Credit Inc.*, 113 D.P.R. at 185. The cause in a contract, on the other hand, points to the purpose or reason that underlies the contractual relationship. *Id.* at 185-86. Typically, to answer what the cause of a contract is, we must answer: "why is it owed?" *Id.*

Contracts, pursuant to the Puerto Rico Civil Code, are perfected by mere consent, and every party is bound from the time of consent not only to comply with what is expressly agreed upon, but also with the consequences that, according to their nature, are consistent with good faith, custom, and the law. Puerto Rico Civil Code, Article 1210, Laws of P.R. Ann., Tit. 31 § 3376; *Unisys v. Ramallo Bros. Printing Co., Inc.*, 128 D.P.R. 842, 852 (1991); *Ramírez v. Club Cala de Palmas*, 123 D.P.R. 339, 345-46 (1989). In addition, it is well settled that the pacts and agreements made by the parties to a contract have legal force and should be fulfilled in accordance thereto. Puerto Rico Civil Code, Article 1044, Laws of P.R. Ann., Tit. 31 § 2994; *see also García v. World Wide Entmt. Co.*, 132 D.P.R. 378, 384 (1992). Moreover, when the terms, conditions, and exclusions of a contract are clear, specific, and give no margin to ambiguities or different interpretations, they are the rule to apply. Puerto Rico Civil Code, Article 1233, Laws of P.R. Ann., Tit. 31 § 3471; *see*

*also Curbelo v. A.F.F.*, 127 D.P.R. 747, 760 (1991). Therefore, the courts of justice cannot free a party from fulfilling what it contractually agreed to, when said contract is legal and valid, and does not have any defects. *Constructora Bauzá v. García López*, 129 D.P.R. 579, 593 (1991).

When in a bilateral contract one of the parties fails to comply with what he or she contractually agreed to, the affected party has the right to choose between demanding the "specific performance" of the contract or the "resolution" of the obligation, in addition to seeking damages and the payment of interests in both cases. Puerto Rico Civil Code, Article 1077; 31 P.R. Laws Ann. § 3052; *Unisys*, supra, at 8854.

b. <u>Statutory Mortgage Provisions</u>

One of the most common contracts in our jurisdiction is the loan agreement, whereby "one of the parties provides to the other . . . money or some other tangible object, with the condition of returning another of the same type and amount . . ." Puerto Rico Civil Code, Article 1631, Laws of P.R. Ann., Tit. 31 § 4511 (translation ours); *Bautista Cayman Asset Co.*, No. CV 16-2836CCC, 2018 WL 987248, at *6 (D.P.R. Feb. 16, 2018). A loan agreement is a unilateral obligation which must specify the amount of money loaned and received, as well as the terms of repayment to the creditor. José R. Vélez Torres, *Curso de Derecho Civil. Derecho de Contratos*, Tome IV, Vol. II, Inter American University of Puerto Rico, Law School, at 451-55 (1997). It is well-settled that the person who receives the money loaned becomes the owner of such money, but at the same time is required to repay such amount, plus the agreed-upon interest. Puerto Rico Civil Code, Articles 1644-1646, Laws of P.R. Ann., Tit. 31 §§ 4571-4573.

A loan agreement should contain, among other things, a provision as to how and when the debt shall be considered "paid." *Bautista Cayman Asset Co.*, No. CV 16-2836CCC, 2018 WL 987248, at *6 (D.P.R. Feb. 16, 2018). That way, the debtor is obliged to return the loaned item, as agreed-upon, and the creditor is limited to wait for the expiration of the term in order to receive the loaned item. *See Vélez Torres*,

supra, at 453 and 455.

As far as payment of the obligations are concerned, a creditor has the right to demand full payment and cannot be forced to accept partial payments. Puerto Rico Civil Code, Article 1123, Laws of P.R. Ann., Tit. 31 § 3171. This right preserves the integrity of the debt, which, in turn, highlights the fact that an obligation will not be deemed extinguished until the totality of the debt has been repaid. Puerto Rico Civil Code, Article 1111, Laws of P.R. Ann., Tit. 31 § 3161.

In the present action, according to the uncontested facts, Defendant José Luis Acevedo Kuinlam is legally and contractually bound to repay the corresponding mortgage loan pursuant to the Mortgage Note fully described above, which was duly executed between Defendant and Doral Bank and has been duly endorsed to Plaintiff Condado 3 CFL LLC. José Luis Acevedo Kuinlam admitted that he has breached the loan repayment obligations towards Plaintiff by failing to make the agreed upon payments specifically established in the Mortgage Note.

The principal amount owed is evidenced by the Mortgage Note issued by Doral Bank, duly endorsed to Plaintiff. It is an uncontested fact that, as of February 7, 2019, Defendant owes to Plaintiff the amount of $182,009.84 in principal and $72,972.01 in accrued interest, which continues to accrue until full payment of the debt at the rate of 8.5% per annum, accrued late charges, forced placed insurance in the amount of $60.00, and any other advance or disbursements made by Plaintiff, on behalf of Defendant, pursuant to the mortgage deed, plus costs, and ten (10) percent of the original principal balance in attorney fees.

José Luis Acevedo Kuinlam has defaulted on his loan repayment obligations under the Mortgage Note and mortgage deed executed, failing to pay the amounts due therein under its terms, and has failed to cure the existing and continuing defaults on the same. Plaintiff has met and complied with all its obligations in trying to collect the outstanding amounts owed and in enforcing its contractual remedies and is therefore entitled to collect, as of right, on the amounts owed by Defendant on the loan agreement.

Accordingly, because there is no dispute that the above described amounts owed are due and payable to the Plaintiff, the Court **ORDERS** Defendant to comply with its full payment thereto.

### IV. CONCLUSION

There being no real controversy regarding the material facts of this case and having reviewed the dispositive motion filed by Plaintiff, which was unopposed by Defendant, and the accompanying documents the Court **GRANTS** the moving Plaintiff's motion for summary judgment at Docket No. 21. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of March 2019.

s/ *Marshal D. Morgan*
MARSHAL D. MORGAN
UNITED STATES MAGISTRATE JUDGE